IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REGINALD G. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 12-1680-SLR |
| ) | |
| CITY OF SEAFORD, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

At Wilmington this 2nd day of December, 2013, having considered plaintiff's motion to amend his complaint and the papers submitted in connection therewith, the court issues its decision based on the following reasoning;

1. **Background.** On September 18, 2011, plaintiff was lawfully driving his vehicle when stopped by defendants Russell and Mills of the City of Seaford Police Department.[1] (D.I. 1) Plaintiff alleges that defendants Russell and Mills unlawfully stopped, detained and, subsequently, tased and beat plaintiff as he was exiting the vehicle. As a result, plaintiff suffered injuries and was charged with resisting arrest and disorderly conduct. On March 6, 2012, a nolle prosequi with prejudice was entered on all charges.

2. On December 11, 2012, plaintiff filed suit against defendants City of Seaford, Cpl. Marc D. Russell and Officer Mills, alleging: (1) unlawful detention, a violation of 42

---

[1]This factual background is drawn from plaintiff's complaint and does not constitute findings of fact made by the court.

U.S.C. § 1983 (Fourth Amendment) against defendants Russell and Mills; (2) excessive force, a violation of 42 U.S.C. § 1983 (Eighth Amendment) against defendants Russell and Mills; (3) malicious prosecution against defendant Russell; (4) abuse of process against defendant Russell; (5) a violation of 42 U.S.C. § 1983 against defendant City of Seaford for failing to supervise and train its police officers; and (6) intentional infliction of emotional distress against defendant Russell. (D.I. 1)

3. On February 11, 2013, defendants answered the complaint, denying the allegations. (D.I. 7) A Rule 16 telephonic conference was held on March 18, 2013, resulting in a scheduling order setting deadlines for discovery, motions and other filings. (D.I. 12)

4. On March 12, 2013, plaintiff served his first set of interrogatories and requests for production of documents. (D.I. 10) On March 29, 2013, defendants requested an extension until April 30, 2013 for their discovery responses due to scheduling problems. Before agreeing to this extension, plaintiff noted that the extension to April 30, 2013 abutted the May 1, 2013 deadline for joinder of parties and amendment of pleadings, as outlined in the court's scheduling order. (D.I. 12) Because defendants indicated that joinder and amendment would not be an issue, plaintiff agreed to the extension.

5. On April 30, 2013, defendants served plaintiff with over 1,200 pages of documents. After reviewing these documents, plaintiff sought to add: (1) two defendants, Officer Todd White and Officer Aaron Mitchell; (2) defendant White to

count one;[2] (3) a count for wanton negligence against defendant Russell, Mills and White; (4) a count of false imprisonment against defendants Russell, Mills and White; and (5) add a count for failure to intervene against defendants Russell, Mills and Mitchell. (D.I. 22)

6. Defendants contend that the new claims are futile, contain surplusage and suggest that plaintiff had the information pertinent to amendment prior to document production on April 30, 2013. (D.I. 27)

7. **Amendment.** Pursuant to Fed.R.Civ.P. 15(a), a party may amend his pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b), whichever is earlier. Otherwise, a party may amend his pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that the court should freely give leave to amend when justice so requires.

8. The United States Court of Appeals for the Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-487 (3d Cir.1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa.1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

---

[2] Since defendants did not object to this, defendant White was added by stipulation. (D.I. 44, 45)

3

by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *See also Oran v. Stafford,* 226 F.3d 275, 291 (3d Cir.2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. *See In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468 (D. N.J.1990).

9. **Conclusion.** Considering the proposed amendments against the above authority, the court concludes that amendment is not futile. Plaintiff has sufficiently set forth the proposed causes of action against potential and existing defendants. The information forming the basis for the amendments was produced on the eve of a discovery deadline that had been extended (by consent) upon defendants' request. No prejudice to defendants will result by the addition of the proposed amended complaint. An order shall issue.

United States District Judge